Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000200
22-NOV-2013
08:26 AM

NO. CAAP-10-0000200

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EDWARD SMITH, Claimant-Appellant,
v.
SUEJI KANEMOTO,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Employer/Insurance Carrier-Appellees


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2008-423(M) (7-78-00428))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Claimant-Appellant Edward A. Smith (Smith) appeals from a November 9, 2010 Decision and Order by the Labor and Industrial Relations Appeals Board (LIRAB) that resolved his workers' compensation claim in favor of his former employer, Employer-Appellee Sueji Kanemoto (Kanemoto) and Insurance Carrier-Appellee First Insurance Company of Hawai'i, Ltd. (First Insurance).

On appeal,[1] Smith appears to argue that: (1) injuries to his low back were wrongfully not attributed to his January 5,

_____

[1]  Rule 28(b) of the Hawai'i Rules of Appellate Procedure sets standards for the format of an appellant's opening brief.  Smith's brief does not conform with most of the provisions of Rule 28(b), most notably section (4), which requires a "concise statement of the points of error," and section (7), which requires "citations to the authorities, statutes and parts of the record relied on" for the argument presented.  However, in light of the fact that Smith is and has been largely proceeding pro se, we recall that "the policies of this court are to permit litigants to appeal and to have their cases heard on the merits, where possible."  O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994).

1978 work accident and warrant reopening of his case under Hawaii Revised Statutes (HRS) § 386-89(c) (1993); (2) fraud perpetrated by various parties required LIRAB to reopen his workers' compensation case pursuant to HRS § 386-89(b) and to impose penalties under HRS § 386-98 (Supp. 2012); (3) the balance of the amount awarded to him in 1982, but not paid in full until ordered by the Director of Labor and Industrial Relations (Director) on November 14, 2001, should have been subject to a 20% penalty pursuant to HRS § 386-92 (Supp. 2012); and (4) he is owed additional compensation beyond the amount awarded in 1982.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Smith's appeal is without merit.

We review LIRAB's exercise of statutorily granted discretion to reopen a case and to impose penalties for untimely compensation payments pursuant to HRS §§ 386-92, 386-89, and 389-98 under the "deferential abuse of discretion standard . . . ." Paul's Elec. Serv., Inc. v. Befitel, 104 Hawai'i 412, 419-20, 91 P.3d 494, 501-02 (2004). "Abuse is apparent when the discretion exercised clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant." Brescia v. N. Shore Ohana, 115 Hawai'i 477, 492, 168 P.3d 929, 944 (2007) (internal quotation marks omitted).

HRS § 386-89 permits reopening of workers' compensation cases on grounds of fraud or substantial evidence of a change in or of a mistake in a determination of fact related to the work-related injury.[2] HRS §§ 386-89(b) and (c). Hawai'i workers'

---

[2] HRS § 389-89 provides in relevant part:

HRS § 386-89. Reopening of cases; continuing jurisdiction of director. . . . .

(b) The director may at any time, either of the director's own motion or upon the application of any party, reopen any case on the ground that fraud has been practiced on the director or on any party and render such decision as is proper under the circumstances.

(continued...)

2

compensation rules further requires that requests for reopening claims under HRS § 386-89(c) "be accompanied by medical information or any other substantial evidence showing a change in or of a mistake in a determination of fact related to the physical condition of the injured employee." Hawaii Administrative Rules (HAR) § 12-10-30(d) (Eff: 12/17/82; am. 12/8/94).

LIRAB concluded Smith failed to produce "substantial evidence" in support of his HRS § 386-89(c) claim. Smith contends, the Director's May 27, 1982 decision failed to take into account injuries to his spine, left heel, and right knee that he alleges were also sustained in the January 5, 1978 accident, and a right shoulder injury consequent to his initial work injury.

LIRAB and the Director previously denied Smith's request to reopen his case based on their finding that a medical examination of Smith on December 10, 1993, nearly five years after his 1978 work injury, did not constitute "substantial evidence" warranting reopening under HRS § 386-89(c).

---

[2](...continued)

(c) On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may, at any time prior to eight years after date of the last payment of compensation, whether or not a decision awarding compensation has been issued, or at any time prior to eight years after the rejection of a claim, review a compensation case and issue a decision which may award, terminate, continue, reinstate, increase, or decrease compensation. No compensation case may be reviewed oftener than once in six months and no case in which a claim has been rejected shall be reviewed more than once if on such review the claim is again rejected. The decision shall not affect any compensation previously paid, except that an increase of the compensation may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, a decrease of the compensation may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased compensation shall be deducted from any unpaid compensation in such manner and by such method as may be determined by the director. In the event any such decision increases the compensation in a case where the employee has received damages from a third party pursuant to section 386-8 in excess of compensation previously awarded, the amount of such excess shall constitute a pro tanto satisfaction of the amount of the additional compensation awarded. This subsection shall not apply when the employer's liability for compensation has been discharged in whole by the payment of a lump sum in accordance with section 386-54.

(Emphases added.)

3

Subsequently, Smith submitted further medical information, but did not point to statements that would support a finding that his low back injuries represent a change in his physical condition consequent to the January 5, 1978 accident.

On August 8, 2008, the Director found "none of the materials submitted by [Smith] on 7/24/2008 substantiated [Smith's] claim for reopening under any reasonable interpretation of section 386-89, HRS."

LIRAB's determination that Smith's submitted medical reports do not constitute "substantial evidence" warranting a reopening of Smith's case does not "clearly exceed[] the bounds of reason" so as to constitute an abuse of discretion. Brescia, 115 Hawai'i at 492, 168 P.3d at 944. Because we conclude LIRAB did not abuse its discretion by concluding Smith has not provided substantial evidence of a change in, or mistake of, facts that would permit the Director to reopen his case under HRS § 386-89(c), we need not reach the issue of whether LIRAB properly denied his application as untimely under HRS § 386-89(a).

Smith further contends LIRAB erred by failing to apply presumptions provided under HRS Chapter 386, in its decision not to reopen his case. "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim is for a covered work injury[.]" HRS § 386-85(1). The crux of Smith's contention is that the agency erred by requiring Smith to supply "substantial evidence" in support of his request to reopen, when Kanemoto should have shouldered the burden of providing "substantial evidence" contradicting Smith's claim that his low back and other injuries were "work injur[ies.]" HRS §§ 386-85(1); 386-89(c).

LIRAB did not err in its application of HRS § 386-89(c) to Smith's request to reopen his case based on his low back injuries. "[W]here the [general and specific] statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." Richardson v. City & Cnty. of Honolulu, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994) (internal quotation marks omitted). Insofar as HRS

4

§§ 386-85(1) and 386-89(c) present an irreconcilable conflict "concerning the same subject matter" of whether Smith's low back injuries are related to a work-related January 5, 1978 injury, "the specific [statute] will be favored." Richardson, 76 Hawai'i at 55, 868 P.2d at 1202. HRS § 386-89(c) is the more specific statute in this case because it directly concerns the subject of reopening Smith's case.

The statutes are not "plainly irreconcilable." Substantial evidence contradicting presumptions under HRS § 386-85(1) apply only to determine the "work-relatedness of an injury." Tamashiro v. Control Specialist, Inc., 97 Hawai'i 86, 91, 34 P.3d 16, 21 (2001) (internal quotation marks omitted). Substantial evidence required under HRS § 386-89(c) applies to a determination of whether there has been a change in or a mistake made in relation to Smith's physical condition.

Smith's second argument points to "fraud" in a number of alleged acts and omissions, primarily in a "hidden" Form WC-1 Employer's Report of Industrial Injury.

The Disability Compensation Information System, WC Case Log notes that Kanemoto's WC-1 form was received on February 7, 1978 in reference to Smith's case and was therefore not "hidden" as alleged by Smith. Smith offers no evidence in support of his allegations of fraud.

Smith's third argument is that LIRAB erred by failing to find that the November 14, 2001 decision should have included an order adding a 20% penalty to his $22,300 award pursuant to HRS § 386-92. Under HRS § 386-92, the Director may excuse Kanemoto or First Insurance from paying penalties for untimely or non-payment "owing to conditions over which [they] had no control."

In its May 7, 2003 decision and order, LIRAB concluded that Kanemoto had not withheld payments from Smith and "given the evidence of vandalism, theft, and [Smith's] practice of locking his mail box and not picking up his mail," found that late or nonpayment of benefits to Smith were due to conditions over which Kanemoto had no control. On appeal, Smith contends he has been falsely accused of blocking off his mailbox, and continues to

5

contend that none of his lost insurance income was mailed and therefore a 20% penalty should have been added to the November 14, 2001 award pursuant to HRS § 386-92. Smith points to no evidence supporting his contentions.

Smith's fourth argument is that First Insurance "is still responsible to make [*sic*] restitution for all financial loss . . . which includes all out-of-pocket-medical and related cost, which include[s] litigation time, travel expenses and care-giver." Smith, however, cites no authority to support his claim to continuing compensation beyond his initial $41,602.85 award ordered in the original May 27, 1982 decision.

Therefore,

IT IS HEREBY ORDERED that the November 9, 2010 Decision and Order by the Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawai'i, November 22, 2013.

On the briefs:

Edward Smith
Claimant-Appellant pro se.

Leighton K. Oshima
Darlene Y.F. Itomura
(Wong & Oshima)
for Employer/Insurance
Carrier-Appellees.

Presiding Judge

Associate Judge

Associate Judge

6